## CITY OF BLOOMINGTON
## v.
## GEORGE BURKE.

1. DRAINAGE—CONTRACT.—By the grading of the streets, the natural flow of water upon appellee's premises was increased and his property damaged. In a suit for this damage, appellee recovered a judgment. Upon appellant commencing proceedings under the law of eminent domain, appellee agreed that if appellant would dismiss his condemnation suit and construct upon appellee's premises a good and substantial tile drain to carry off the water without any overflow, appellant might enter said premises and construct the same. The drain failed to carry off the water in times of heavy rain. *Held*, that this contract was a sufficient license to enter upon appellee's premises to construct the drain, and that a count in trespass can not be sustained.

2. PLEADING—ELECTION OF ACTIONS—DAMAGES.—If the drain failed to accomplish its purpose, appellee's remedy for such defect was an action for breach of the contract, or a suit upon the original cause of action which he would have had if the drain had not been laid. In the latter case, appellee can only recover such damages as have accrued to him, by reason of the increase in the flow of water over that which would have flowed there had the grounds from which the water was collected remained in a state of nature, and any damages from the breach of the contract can not be taken into consideration.

3. FORMER SUIT, WHEN A BAR.—The declaration in the former suit seems in part, at least, to have been based upon permanent injury done to the premises before that time, and as to everything embraced in that litigation the judgment then rendered is a bar to any subsequent suit.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 7, 1883.

Mr. JOHN T. LILLARD, for appellant; that a contract for public improvement in a city can only be made by the common council, by ordinance or other due corporate proceedings, cited Dillon on Municipal Corporations, § 461, 3d ed.

A municipal corporation may be brought within the rule of estoppel *in pais* only in cases where justice and equity strongly demand it: Roby v. Chicago, 64 Ill. 447; Martel v. East St. Louis, 94 Ill. 67.

If appellee has a remedy on the contract he must seek it in an action *ex contractu*, and must count on the writing in his declaration: Cruikshank v. Brown, 5 Gilm. 75; McGinnety v. Laguerenne, 11 Gilm. 100; Dalson v. Bradbery, 50 Ill. 82; Adams v. Hardin, 19 Ill. 273; Ottawa G. L. & C. Co. v. Thompson, 39 Ill. 599; Chitty on Pl. 221, 16 Am. ed.

As to matters *res adjudicata:* C. & A. R. R. Co. v. Stein, 75 Ill. 41; Ottawa G. L. & C. Co. v. Graham, 28 Ill. 73; C. & A. R. R. Co. v. Mahar, 91 Ill. 316.

The court erred in refusing to allow other evidence as to the former litigation except the files in the case, and the identification of the premises: Shepard v. Butterfield, 41 Ill. 76; Zimmerman v. Zimmerman, 15 Ill. 84.

Mr. IRA J. BLOOMFIELD, for appellee; that the judgment offered in evidence by defendant conclusively proved that the city wrongfully cast this surface water upon plaintiff's premises, cited Nispel v. Laparle, 74 Ill. 306; Freeman on Judgments, 249.

To form a bar the former recovery must be for the identical cause of action: Miller v. McManis, 57 Ill. 126.

A nuisance continued is a fresh nuisance every day it is suffered to remain unabated: Cooley on Torts, 619; 1 Hilliard on Torts, 572, 574; Chitty on Pl. 66.

An action lies for the continuance of a nuisance, although plaintiff has accepted money paid into court in full satisfaction of original injury: Holmes v. Wilson, 10 Ad. & Ell. 503; Mellor v. Pilgrim, 3 Bradwell, 476.

Inquiries as to the measure of damages are not always necessarily limited to the exact point in issue: City of Aurora v. Love, 93 Ill. 521.

McCULLOCH, J.   The declaration in this suit contains two counts in trespass to real property, and two in case for flooding the same property with water.   It appears that a natural drain for the water collected in the vicinity of appellee's premises was through the lot in question, but that by grading the streets this flow of water had been increased and the property damaged.   For this damage appellee brought a suit prior to this one, and recovered a small judgment.   Appellant thereupon commenced proceedings under the eminent domain law to condemn the right of way for a sewer across the lot in question, to drain off the water.   During the progress of these proceedings appellee signed an agreement, that, if appellant would dismiss the same and would, without making assessment upon him to pay for any part thereof, construct upon said premises a good and substantial tile drain of sufficient size and capacity to carry off the water without any overflow of the same, appellant might enter upon said premises and construct such drain without making him any further compensation.   Appellant accepted this proposition, dismissed its condemnation proceedings and constructed a tile drain eighteen inches in diameter.   It appears, however, that either from want of sufficient capacity, from the choking up of the inlet to this drain by *debris*, or from some defect in its construction, it failed to carry off the water in times of heavy rains, and in consequence thereof appellee's premises continued to be flooded.   Hence this suit.

We are of the opinion that the contract signed by appellee was a sufficient license for appellant to enter upon appellee's premises and to construct the tile drain which was laid therein, and therefore that the counts in trespass are not sustained.   No complaint is made that in doing so any unnecessary damage was done.   If, through error in judgment or other cause, the sewer failed to carry off the water, appellee's remedy for such defect would have been an action for breach of contract, which this is not.   He has elected to bring his suit upon the original cause of action, which he would have had if the drain had not been laid, and this we think he had a right to do if the drain failed to accomplish its purpose.   But in so doing

he can recover only such damages as have accrued to him by reason of the increase in the flow of water over that which would have flowed there had the grounds from which that water was collected, remained in a state of nature. J. N. W. & S. E. R. R. Co. v. Cox, 91 Ill. 500; Hicks v. Silliman, 93 Ill. 255; Mellor v. Pilgrim, 3 Bradwell, 476; Johnson v. Rea, 12 Bradwell, 331.

The court below seems to have taken a view of the case, that the failure to construct the tile drain in the manner provided for in the agreement read in evidence, had something to do with the question of damages. We can not see how this can be so, for without such an agreement appellee could only have recovered the damage done to his property by reason of the increased flow of water, and the failure to construct the drain could not have increased that flow. The evidence tends to show that if the drain had been sufficient to carry off the water without any overflow, as provided in the contract, the lot in question would have been enhanced in value over what it would have been worth had it and the grounds in its vicinity remained in a state of nature. The loss of this advantage might be an element in the assessment of damages if the suit were upon the contract, but it being an action on the case merely for damages resulting from the overflow of water, we are unable to see how any damages resulting from a breach of contract can be taken into consideration.

During the progress of the trial the court allowed the following question to be put to several of appellee's witnesses against the objection of appellant, to which rulings exceptions were taken:

"What do you say is the damage to this lot and house since that new sewer was put in, compared with what the value of the lot would be if there was a good and sufficient sewer to carry off all the water that comes down there?" Some of the witnesses, in answer to this question, put the difference in value as high as four hundred dollars, which appellee testifies would be the full value of the premises if they had not been damaged at all. There were no instructions given to the jury defining the measure of damages, but they were left to make

up their verdict from all the evidence introduced. We regard the foregoing question erroneous and very damaging to the appellant, as laying down an incorrect standard of its liability.

Several of appellant's instructions were so modified as to make it appear that in some way the failure of appellant to construct the drain in accordance with the contract affected the measure of its liability. These rulings of the court were misleading, and doubtless had much to do with the amount of the verdict.

It is contended that the former suit is a bar to this. This will depend upon the proof offered upon the trial. The declaration in the former suit seems in part at least to have been based upon permanent injury done to the premises before that time, and as to everything embraced in that litigation the judgment then rendered is of course a bar to any subsequent suit. We will not say now that there may not be a state of facts which would entitle appellee to recover for subsequently accruing injury.

For the errors above indicated the judgment is reversed and the cause remanded.

Reversed and remanded.